UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80101-CR-CANNON/REINHART
8 U.S.C. § 1326(a)

UNITED STATES OF AMERICA,

v.

ABEL OLIVERA-VELASQUEZ,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and ABEL OLIVERA-VELASQUEZ (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead to the sole count of the information, which charges the defendant with illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing

1

guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a maximum term of up to 2 years, followed by term of up to 1 years of supervised release, and a fine of up to $250,000. The defendant further understands and acknowledges that a special assessment in the amount of $100 will be imposed, which shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

4. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one,

including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

7. The defendant agrees that if this matter had gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

The defendant is a citizen of Mexico, was previously found in the United States and ordered deported, and was removed from the United States on or about November 8, 2018. On or about June 21, 2022, the defendant was arrested on local charges in Palm Beach County, in the Southern District of Florida, in the United States. The defendant was processed for arrest, which included having his fingerprints taken. The defendant's fingerprints were then entered into a database, which showed a positive match for the individual who had been previously deported. Records checks confirmed that the defendant had been deported and had not applied for a waiver to re-enter the United States. A fingerprint comparison confirmed that the individual arrested on June 21, 2022, was the same person who had previously been removed from the United States on November 8, 2018.

8. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 8/11/2022    By: *Susan OSB*
SUSAN OSBORNE
ASSISTANT UNITED STATES ATTORNEY

Date: 7/26/22    By: *[signature]*
PETER BIRCH
ATTORNEY FOR DEFENDANT

Date: 7/26/22    By: *Abel Olvera Velazquez*
ABEL OLIVERA-VELASQUEZ
DEFENDANT

5